QUARLES & BRADY LLP
Firm State Bar No. 00443100
Renaissance One, Two N. Central
Phoenix, AZ 85004-2391, 602-229-5200
Brian A. Howie (AZ No. 026021)
Brian.Howie@quarles.com
Lauren E. Stine (AZ No. 025086)
Lauren.Stine@quarles.com
*Attorneys for Plaintiffs*

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave., NW, Ste. 100
Washington, DC 20006, 201-747-1900
Thomas J. Dillickrath* (DC 483710)
TDillickrath@sheppardmullin.com

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111, 415-434-9100
Amar S. Naik* (CA 307208)
ANaik@sheppardmullin.com
Molly C. Lorenzi* (CA 315147)
MLorenzi@sheppardmullin.com

GIBBS & BRUNS LLP
1100 Louisiana, Ste. 5300
Houston, TX 77002, 713-650-8805
Aundrea K. Gulley* (TX 24034468)
agulley@gibbsbruns.com
Denise Drake* (TX 24092358)
DDrake@gibbsbruns.com
*Attorneys for The Reynolds and Reynolds Co.*

MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
312-782-0600
Britt M. Miller* (IL 6256398)
BMiller@mayerbrown.com
Michael A. Scodro* (IL 6243845)
MScodro@mayerbrown.com
Brett E. Legner* (IL 6256268)
BLegner@mayerbrown.com

1999 K Street, NW
Washington, DC 20006
202-263-3000
Mark W. Ryan** (DC 359098)
mryan@mayerbrown.com
Andrew E. Tauber** (DC 495980)
atauber@mayerbrown.com
*Attorneys for CDK Global, LLC*
  *\*Admitted Pro Hac Vice*
  *\*\*Pro Hac Vice Forthcoming*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CDK Global, LLC, a limited liability company, and The Reynolds and Reynolds Company, a corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> Mark Brnovich, Attorney General of the State of Arizona, and John S. Halikowski, Director of the Arizona Department of Transportation, <br><br> Defendants. | No. 2:19-cv-04849-GMS <br><br> **PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT JOHN S. HALIKOWSKI, DIRECTOR OF THE ARIZONA DEPARTMENT OF TRANSPORTATION [ECF 38]** <br><br> **(Oral Argument Requested)** |

1   Plaintiffs CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company
2   ("Reynolds") (collectively, "Plaintiffs") respond to the Motion to Dismiss for Lack of
3   Subject Matter Jurisdiction of Defendant John S. Halikowski, Director of the Arizona
4   Department of Transportation (the "Motion").

5   ## MEMORANDUM OF POINTS AND AUTHORITIES

6   ### INTRODUCTION

7   Plaintiffs agree that the existence of an Article III case or controversy requires a
8   sufficient causal connection between the responsibilities of a government official named as
9   a defendant and the enforcement of the state law at issue. The Motion filed by Defendant
10  Halikowski (the "Director"), however, incorrectly asserts that only actual enforcement
11  authority suffices to establish that causal connection. In fact, a government official with the
12  power to initiate and supervise an investigation for violation of a state law (a natural
13  precursor to an enforcement proceeding) is an appropriate defendant in a lawsuit
14  challenging the constitutionality of—and seeking to enjoin enforcement of—that law. Here,
15  the Director possesses that authority. Through the Office of Inspector General, the Director
16  can initiate and supervise an investigation of Plaintiffs to determine whether their activities
17  violate H.B. 2418 (the "DMS Law"), codified at A.R.S. §§ 28-4651-4655. This
18  investigative authority provides the requisite Article III causal connection and makes the
19  Director an appropriate defendant. The Court has subject matter jurisdiction over Plaintiffs'
20  claims against the Director, and the Court should deny the Motion.

21  ### ARGUMENT

22  **I.    Through The Office of Inspector General, The Director Has the Authority to
23        Investigate Plaintiffs For Violations Of The DMS Law.**

24  In 2004, Governor Janet Napolitano enacted Executive Order 2004-23 (the "Order"),
25  creating the Office of Inspector General ("OIG") within the Arizona Department of

26

-2-

Transportation ("ADOT").[1] The Order sets forth the responsibilities of the Inspector General, which include conducting case investigations and audits designed to prevent and deter fraud, abuse, and misconduct. The Inspector General's duties also include advising the Director, and the Order grants him "access to all information, records, personnel and facilities of [ADOT], its employees, vendors, contractors, and providers." *See* Ariz. Exec. Order No. 2004-23 (Sept. 30, 2004) ("Exec. Order 2004-23"). Further, the Inspector General's salary is funded by ADOT resources.

According to ADOT's website, "OIG officers are POST certified police officers that are uniquely trained and qualified to pursue regulatory compliance and criminal prosecution of motor vehicle and criminal laws, *particularly those related to vehicle dealers*, title fraud, odometer fraud, automobile identification, and driver license and state identification card fraud." Office of Inspector General, https://azdot.gov/motor-vehicles/enforcement/office-inspector-general (last visited Oct. 1, 2019) (emphasis added).

Although the Inspector General "serve[s] at the pleasure of the Governor," *see* Exec. Order No. 2004-23, the Director has broad authority to "[s]upervise and administer the overall activities of [ADOT] and its divisions and employees." *See* A.R.S. § 28-363(A)(1). As noted in the Motion, the Director also is "responsible for the administration of the department" (*see* ECF 38 at 3 (quoting A.R.S § 28-331(B)), and he has the authority to "[d]esignate the necessary agencies for enforcing the provisions of the laws the director administers or enforces," A.R.S. § 28-363(A)(9).

Thus, the Director has broad authority to initiate and supervise investigations into Plaintiffs' activities, including whether Plaintiffs or other entities have violated the DMS Law. Even assuming the Director's *enforcement* authority is expressly limited to specific statutes within Title 28, as the Director suggests (*see* ECF 38 at 3), his authority to supervise

---

[1]     A copy of the executive order may be found through the Arizona Memory Project: https://azmemory.azlibrary.gov/digital/collection/execorders/id/455/.

-3-

1  and administer OIG investigations is not similarly constrained.

2  **II.     The Director's Investigative Authority, Through the OIG, Meets the Requisite**
3          **Causal Connection to Establish Article III Standing.**

4          To establish Article III standing, a plaintiff must allege a particularized injury,

5  causally connected to the defendant's conduct and redressable by a favorable judgment. *See*

6  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Contrary to the Director's

7  assertions, however, satisfying the causation element does not require that the Director

8  possess the authority to enforce the DMS Law. ECF 38 at 2. In *Planned Parenthood*

9  *Arizona, Inc. v. Brnovich*, 172 F. Supp. 3d 1075 (D. Ariz. 2016) ("*Planned Parenthood*

10 *Ariz.*"), a court in this district held that an executive director of the Arizona Medical Board

11 was a proper defendant in a suit regarding the enforcement of Arizona's informed consent

12 laws. *Id.* at 1094-95. After discussing the principles governing Article III traceability and

13 the *Ex parte Young* exception to Eleventh Amendment immunity, *id.* at 1084-86, the court

14 concluded that the executive director's responsibilities bore "a sufficient causal connection

15 to Plaintiffs' alleged injuries arising from the [consent laws]," *id.* at 1095.

16         Even though the executive director's duties in *Planned Parenthood Ariz.* were

17 limited largely to "initiat[ing] investigations into potential unprofessional conduct" and

18 "review[ing] complaints," the court reasoned these duties were not "an inconsequential

19 step" in the harm the plaintiffs alleged. *Id.* at 1094. Further, the executive director needed

20 only to "have some connection with and be fairly traceable to the enforcement of the

21 [consent laws] from which Plaintiffs' alleged injuries" arose. *Id.*

22         Even in the absence of express statutory authority to enforce the Law directly, the

23 Director's investigatory responsibilities under Title 28 are unquestionably causally

24 connected to the enforcement of the DMS Law. Like the executive director in *Planned*

25 *Parenthood Ariz.*—whose duties were largely limited to initiating investigations and

26 reviewing complaints—the Director's authority to supervise and administer the OIG's

-4-

investigations into misconduct under the Law is far from "an inconsequential step" in the harm Plaintiffs' have alleged. *See Planned Parenthood Ariz.*, 172 F. Supp. 3d at 1094. In fact, the Director's authority to "[d]esignate the necessary agencies for enforcing the provisions of the laws the director administers or enforces," A.R.S. § 28-363(A)(9), ensures that he has at least "some connection with and [is] fairly traceable to the enforcement of" the DMS Law. *See Planned Parenthood Ariz.*, 172 F. Supp. 3d at 1094.

## CONCLUSION

In summary, the Director's authority to initiate and supervise investigations into Plaintiffs' activities with respect to the DMS Law satisfies the elements of Article III standing against the Director—*i.e.*, the Director is an appropriate defendant in this case. As such, the Court has subject matter jurisdiction over Plaintiffs' claims against him, and the Court should deny the Motion.

DATED this 18th day of October, 2019.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By */s/ Brian A. Howie*
   Brian A. Howie
   Lauren Elliott Stine

*Attorneys for Plaintiffs*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., NW, Ste. 100
Washington, DC 20006, 201-747-1900
Thomas J. Dillickrath* (DC 483710)
TDillickrath@sheppardmullin.com

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111, 415-434-9100
Amar S. Naik* (CA 307208)
ANaik@sheppardmullin.com
Molly C. Lorenzi* (CA 315147)
MLorenzi@sheppardmullin.com

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GIBBS & BRUNS LLP
1100 Louisiana, Ste. 5300
Houston, TX 77002, 713-650-8805
Aundrea K. Gulley* (TX 24034468)
agulley@gibbsbruns.com
Denise Drake* (TX 24092358)
DDrake@gibbsbruns.com

*Attorneys for The Reynolds and Reynolds
Company*

MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
312-782-0600
Britt M. Miller* (IL 6256398)
BMiller@mayerbrown.com
Michael A. Scodro* (IL 6243845)
MScodro@mayerbrown.com
Brett E. Legner* (IL 6256268)
BLegner@mayerbrown.com

1999 K Street, NW
Washington, DC 20006
202-263-3000
Mark W. Ryan** (DC 359098)
mryan@mayerbrown.com
Andrew E. Tauber** (DC 495980)
atauber@mayerbrown.com

*Attorneys for CDK Global, LLC*

*\*Admitted Pro Hac Vice*
*\*\*Pro Hac Vice Forthcoming*

QB\170667.00001\59750367.6