WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CDK Global LLC, et al., | No. CV-19-04849-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants, | |
| and | |
| Arizona Automobile Dealers Association, | |
| Intervenor Defendant. | |

Pending before the Court are Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. 133) and Motion for Stay or Injunction Pending Appeal. (Doc. 130.) In the alternative, Plaintiffs request a limited stay to permit application to the Ninth Circuit for stay pending appeal. For the following reasons, the motion for stay is denied and the Court defers ruling on the motion for certification until the Ninth Circuit rules whether it will grant pendant jurisdiction.

## BACKGROUND

On July 24, 2020, the Court issued its Order denying Plaintiffs' motion for preliminary injunction which sought to enjoin enforcement of the Dealer Data Security Law ("the Dealer Law") passed by the Arizona Legislature. The facts and procedural

history are known to the parties and summarized in the Court's Order. (Doc. 127.) *Id.* Shortly thereafter, Plaintiffs filed a Notice of Appeal, alerting the Court that they were appealing, pursuant to 28 U.S.C. § 1292(a)(1) and pendent appellate jurisdiction, the denial of Plaintiffs' Motion for Preliminary Injunction and the order granting in part and denying in part Defendants' motions to dismiss. (Doc. 129 at 2.) The Plaintiffs then filed the instant Motion for Certification, requesting certification of the order on Defendants' Motion to Dismiss for appeal to the Ninth Circuit. (Doc. 133.) Plaintiffs also filed a motion for a stay pending appeal, requesting either an injunction pending appeal or a limited stay to permit application to the Ninth Circuit in the alternative. (Doc. 130.)

## DISCUSSION

### I. Motion for Certification Pursuant to 28 U.S.C. § 1292(b)

#### A. Legal Standard

"The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir. 1977). "This divestiture of district court jurisdiction does not rest on a statute. *See Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir.1976). Rather, it is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988) (internal quotations omitted). "The divestment rule, therefore, is a rule of judicial economy and not one that strips the district court of subject matter jurisdiction." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1121 (9th Cir. 2002)

#### B. Analysis

Here, Plaintiffs' Motion for Certification followed its appeal asking the Ninth Circuit to consider the order on the motion to dismiss pursuant to pendent jurisdiction. (Doc 129.) Thus, whether the issue is appropriate for Ninth Circuit review is already before that court. It would therefore be redundant for this Court to certify the same issue for

appeal. Although it is possible that the Ninth Circuit will deny Plaintiffs' request to consider the Court's order dismissing counts because it lacks pendant jurisdiction, this potential alone does not mean the Court should act where the issue has already been sent to a higher court. *See Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals.")

Plaintiffs argue it is impossible for the Court to review the same legal questions as the Ninth Circuit because their request to amend the claims was denied. The issue currently before the Court, however, is not the merit of these claims, but whether their denial is appropriate for appellate review. As Plaintiffs already asked the Ninth Circuit to make the same determination in its appeal of the Court's denial of the preliminary injunction by requesting pendant review over the dismissal, the Court defers judgment on certification until after the Ninth Circuit rules whether it will grant pendant jurisdiction, if it thereafter remains indicated.

## II.     Motion for Stay or Injunction Pending Appeal

### A.     Legal Standard

A stay pending appeal is generally subject to the standard governing preliminary injunctions. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* The Ninth Circuit has held that courts should engage in a "general balancing approach" of the *Hilton* factors when considering a motion to stay. *Leiva-Perez v. Holder*, 640 F.3d 962, 965–66 (9th Cir. 2011). This standard requires that the movant demonstrate "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor." *Id.* at 964 (quoting *Abbassi v. INS*, 143 F.3d 513, 514

(9th Cir. 1998). Both ends of this sliding scale approach require some showing of a probability of success on the merits. *Id.*

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009). "It is instead an exercise of judicial discretion. . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

The two alternative reliefs sought by the Plaintiffs', injunction pending appeal and limited stay to permit application to the Ninth Circuit for a stay pending appeal, require substantially the same analysis. *See Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (explaining the above standard for a stay pending appeal); *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977) (explaining that the test for an injunction pending appeal asks: "(1) Have the movants established a strong likelihood of success on the merits? (2) Does the balance of irreparable harm favor the movants? (3) Does the public interest favor granting the injunction?"). The below analysis therefore applies to each of the Plaintiffs' alternative requests as well.[1]

**B.     Analysis**

    **1.     Success on the Merits**

Plaintiffs' motion to stay is based on the same three claims that their preliminary injunction motion was premised upon: preemption under the Copyright Act and breach of their Contracts Clause and the Takings Clause rights. (Doc. 130 at 2.) In their motion, Plaintiffs essentially reassert many of the arguments considered and rejected in this Court's preliminary injunction Order. The Court thoroughly considered those positions and for the reasons set forth in that Order, (Doc. 127), the Court concludes that the Plaintiffs have not demonstrated any likelihood of success on the merits. The Plaintiffs' primary disagreements with the Court's Order are addressed below, but because Plaintiffs must

---

[1] Plaintiffs request that their third alternative argument, a request for limited stay to permit application to the Ninth Circuit for a stay pending appeal, be treated as unopposed and therefore entitled to relief. (Doc. 139 at 2.) Although the Court has discretion to treat an unanswered request as unopposed, LRCiv 7.2(i), the Court declines to do so given the significant overlap of the tests and respective arguments here.

demonstrate some likelihood of success on the merits, the Court need not examine the other three prongs of the *Hilton* test.

### a. Copyright Claim

Plaintiffs argue that the Copyright Act preempts the Dealer Law because of three categories of copyright protected material: the computer programs and code which makeup the DMS; the APIs Plaintiffs must write to comply with the Dealer Law; and the data compilations contained in the Plaintiff's system. But Plaintiffs' motion simply rejects a primary conclusion of the Preliminary Injunction Order, arguing that the "no set of circumstances" standard for facial challenges to a legislative act is not applicable to preemption cases, while offering no authority to contradict the Court's reasoning. *United States v. Salerno*, 481 U.S. 739, 746 (1987); (Doc 127 at 6, fn. 9); (Doc. 130 at 3, fn. 1). This bare disagreement with the Court's conclusion does not amount to probable success or substantial question on the merits. Thus, without further guidance, the Dealer Law must be interpreted to allow compliance without violating the Plaintiffs' Copyright Act rights. (Doc. 127 at 7.) The Plaintiffs do not provide any new evidence to the contrary.

Plaintiffs' reliance on *MAI Sys. Corp. v. Peak Comput., Inc*. 991 F.2d 511 (9th Cir. 1993) does not prove otherwise. Although the case demonstrates that copyright infringement can occur where a copy is created by the infringer in the system or memory of a third party, neither is the case here. *Id.* at 518. Rather, the copies created remain in the Plaintiffs' DMS servers. (Doc 127 at 5, fn. 8.) *MAI Systems* does not support the conclusion that requiring a copyright holder to create copies within its own servers violates its rights to prevent third party access.

Similarly, Plaintiffs cite *Oracle Am., Inc. v. Google, Inc*., 750 F.3d 1339, 1365 (Fed. Cir. 2014), to explain that copyright protection is not limited to source code. (Doc. 130 at 5.) Although it is true that, "the structure, sequence, and organization of a computer program is eligible for copyright protection where it qualifies as an expression of an idea," *Oracle*, 750 F.3d at 1366, this recognition does not place *Oracle* in competition with the Court's prior reasoning. The fact remains that the circumstances of *Oracle* involved

copying source code verbatim. *Id.* at 1365.

Finally, as the Court recognized in its Order, witness testimony does not sufficiently support the point that automated access provided by APIs results in unauthorized use or copying of DMS software.[2] APIs do not put Plaintiffs' intellectual property at risk because they do not copy software from providers.

### b. Contracts Clause

Plaintiffs are also not likely to prevail on their Contracts Clause Claim. The Contracts Clause restricts state power to disrupt preexisting contracts; however, such an impairment is only unconstitutional where there is "substantial impairment of a contractual relationship" and the law fails to "advance a significant and legitimate public purpose." *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–12 (1983). Plaintiffs' claims that their rights are impaired both because of third party access and resulting security threats do not present any new analysis which creates a likelihood of success on the merits. As the Court addressed in its prior Order, an interpretation of the Dealer Law which complies with federal copyright law also ensures compliance with the Plaintiffs' contracts. (Doc. 127 at 10.)

Plaintiffs also do not meet their burden of showing that the Dealer Law meets no significant state interest. Under *Seltzer*, Plaintiffs bear the burden of proving no substantial state interest exists. *In re Seltzer*, 104 F.3d 234, 236 (9th Cir. 1996). *Seltzer*'s recognition that "[t]he burden is placed on the party asserting the benefit of the statute only when that party is the state" does not apply here because the state is not a contracting party in this suit. *Id.* Rather, the Dealer Law is alleged to impair contracts between private parties. The state's defense of the constitutionality of the law does not render it a party such that it bears the burden of proof. The public purpose already recognized, protecting consumers from potentially anticompetitive behavior by the plaintiffs, is therefore sufficient to establish that Plaintiffs are unlikely to succeed on the merits. (Doc. 127 at 12.) Plaintiffs' contention

---

[2] Plaintiffs' motion does not resolve this deficiency by citing a limited portion of Kelly Hall's testimony while omitting the portion of the testimony that concedes that, unlike *Oracle*, source code will not be copied. (Doc. 130 at 5); Transcript of Preliminary Injunction Hearing June 2, 2020, Volume B at 108.

that the legislature has not proven this interest is not relevant because they bear the burden of proof, and the Ninth Circuit has expressed its "willingness to defer to the decisions of state legislatures regarding the impairment of private contracts." *Nev. Emps. Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1226 (9th Cir. 1990).

### c. Takings Clause

Plaintiffs are also not likely to prevail on their takings clause claim because this case presents neither a physical nor a regulatory taking.

First, the Supreme Court's decision in *Brown v. Legal Foundation of Washington*, 538 U.S. 216, 235 (2003) does not prove otherwise. Brown's analysis of the taking of money—interest earned on IOLTA accounts—is not analogous to "entry" and "occupation" into an intangible program. *Id.* at 235. Regardless, a reasonable interpretation of the Dealer Law allows compliance without granting third parties direct access to Plaintiffs' DMSs. (Doc. 127 at 15.)

Second, the Plaintiffs do not establish a regulatory taking by rehashing the *Penn Central* factors. The Plaintiffs have not presented new information about their economic impact or investment-backed expectations. As addressed in the Court's prior Order, this redistribution is not akin to a physical invasion; it is an adjustment of the "benefits and burdens of economic life to promote the common good," supported by a conceivable public purpose. *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).

### CONCLUSION

As described above, the Court defers ruling on the motion for certification until the Ninth Circuit rules whether it will grant pendant jurisdiction, and the motion for stay is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Stay Pending Appeal, Injunction Pending Appeal, and Stay Pending Disposition of a Motion for Stay to be Filed with the United States Court of Appeals for the Ninth Circuit (Doc. 130) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. 133) is **DEFERRED** until the Ninth Circuit rules on Plaintiff's

Appeal seeking pendant appellate jurisdiction.

Dated this 8th day of September, 2020.

_____
G. Murray Snow
Chief United States District Judge

- 8 -