**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CDK Global LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>    Defendants,<br><br>and<br><br>Arizona Automobile Dealers Association,<br><br>    Intervenor Defendant. | No. CV-19-04849-PHX-GMS<br><br>**ORDER** |

      Before the Court is Defendant Arizona Automobile Dealers Association's and Defendant Mark Brnovich et al.'s (collectively, "Defendants") Joint Motion to Dismiss the First Amended Complaint for Failure to State a Claim. (Doc. 126.) For the following reasons, Defendants' Motion is denied.

**BACKGROUND**

      Plaintiffs CDK Global LLC and Reynolds and Reynolds Company (collectively, "Plaintiffs") develop, own, and operate proprietary computer systems known as dealer management systems ("DMSs") that process vast amounts of data sourced from various parties. Automotive dealerships hold licenses to DMSs to help manage their business operations, including handling confidential consumer and proprietary data, processing

transactions, and managing data communications between dealers, customers, car manufacturers, credit bureaus, and other third parties. Plaintiffs employ multiple technological measures—such as secure login credentials, CAPTCHA prompts, and comprehensive cybersecurity infrastructure, hardware, and software—to safeguard their DMS systems from unauthorized access or breach. Plaintiffs also contractually prohibit dealers from granting third parties access to their DMSs without Plaintiffs' authorization.

In March 2019, the Arizona Legislature passed the Dealer Data Security Law ("the Dealer Law"). Ariz. Rev. Stat. Ann. §§ 28-4651–28-4655. The Dealer Law regulates the relationship between DMS licensers like Plaintiffs and the dealerships they serve. Under the Dealer Law, DMS providers may no longer "[p]rohibit[] a third party [that has been authorized by the Dealer and] that has satisfied or is compliant with . . . current, applicable security standards published by the standards for technology in automotive retail [(STAR standards)] . . . from integrating into the dealer's [DMS] or plac[e] an unreasonable restriction on integration . . . ." Ariz. Rev. Stat. Ann. §§ 28-4653(A)(3)(b), 28-4651(9). The Dealer Law also requires that DMS providers "[a]dopt and make available a standardized framework for the exchange, integration and sharing of data from [a DMS]" that is compatible with STAR standards and that they "[p]rovide access to open application programming interfaces to authorized integrators." Ariz. Rev. Stat. Ann. § 28-4654(A). Finally, a DMS provider may only use data to the extent permitted in the DMS provider's agreement with the dealer, must permit dealer termination of such agreement, and "must work to ensure a secure transition of all protected dealer data to a successor dealer data vendor or authorized integrator" upon termination. Ariz. Rev. Stat. Ann. §§ 28-4654(B)(1)-(3).

Plaintiffs filed their original complaint seeking declaratory and injunctive relief from the Dealer Law on July 29, 2019. The Court subsequently granted Defendants' Motion to Dismiss Plaintiffs' claim for violation of their freedom of speech with leave to amend. (Doc. 91.) Plaintiffs filed the underlying amended complaint on June 19, 2020. (Doc. 121.) The instant Motion to Dismiss followed on July 20, 2020. (Doc. 126.)

**DISCUSSION**

## I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

Plaintiffs have sufficiently alleged that the Dealer Law abridges their freedom of speech. Plaintiffs claim that the law violates their free speech rights three ways: (1) by abridging their protected interest in exercising editorial discretion in the content of their computer systems; (2) by requiring that Plaintiffs draft code to facilitate disclosure; and (3) by functionally mandating that Plaintiffs write documents explaining the new standards they have adopted to comply with the Dealer Law. Because Plaintiffs' second proposed interest is sufficient to support its claim, the Court need not address the other assertions.

Plaintiffs' complaint adequately alleged that the Dealer Law "abridges the freedom of speech by compelling Plaintiffs to draft computer code." (Doc. 121 at 51.) It is well-established that "computer code, and computer programs constructed from code can merit First Amendment protection." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 449 (2d Cir. 2001); *see also United States v. Elcom Ltd.*, 203 F. Supp. 2d 1111, 1127 (N.D. Cal. 2002) ("[c]omputer software is . . . speech that is protected at some level by the First Amendment"). However, not all code rises to the level of protected speech under the First

Amendment. *Corley*, 273 F.3d at 449. Rather, there are "two ways in which a programmer might be said to communicate through code: to the user of the program (not necessarily protected) and to the computer (never protected)." *Id.* Further, even where code communicates to the user of a program, it still may not constitute protected speech under the First Amendment if it "commands 'mechanically' and 'without the intercession of the mind or the will of the recipient,'" *Id.* (describing the holding of *Commodity Futures Trading Comm'n v. Vartuli*, 228 F.3d 94 (2d Cir. 2000)).

Plaintiffs have sufficiently alleged that the code they must draft to comply with the Dealer Law communicates substantively with the user of the program. The Amended Complaint alleges "Plaintiffs must draft code to receive and respond to requests from 'authorized integrators' . . . who will interact with the code by commanding it to communicate the information they choose to request." (Doc. 121 at 51.) It also states that the code will express the creative choices of the software developers and communicate those choices "to those who would access the Plaintiff's DMSs, as well as to other third-party programmers." *Id.* at 52. Taken as true, these allegations sufficiently allege a protected interest in the content of the code.

Defendants argue the Dealer Law cannot compel speech because it does not dictate what Plaintiffs' code must say, only that dealers must adopt a framework to share data from their DMSs. Ariz. Rev. Stat. Ann. § 28-4654 (requiring that Dealers "[a]dopt and make available a standardized framework for the exchange, integration and sharing of data from dealer data systems with authorized integrators and the retrieval of data by authorized integrators using the star standards or a standard that is compatible with the star standards."). They contend that, by mandating only access, the Dealer Law regulates Plaintiffs' conduct, not speech. *Corley* acknowledged this possibility, clarifying that the mere "functional capability" of a code did not implicate First Amendment Protection. 273 F.3d at 451. But Plaintiffs' allegations go beyond the functional capability of their code because they claim users will interact with their program in a substantive way. Defendants' arguments that the Dealer Law is more properly considered a regulation on conduct

therefore amount to disagreements about the factual consequences of the law and the drafted code. Such a contention cannot be resolved at the Motion to Dismiss stage.[1]

## CONCLUSION

For the reasons stated above, Plaintiffs have adequately alleged that the Dealer Law abridges their freedom of speech.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Dismiss for Failure to State a Claim (Doc. 126) is **DENIED.**

Dated this 26th day of October, 2020.

_____
G. Murray Snow
Chief United States District Judge

---

[1] Moreover, the mere assertion that the law regulates conduct does not establish failure to state a claim under the First Amendment. Even where a law is aimed only at conduct, an incidental burden on speech triggers scrutiny—it must be "no greater than essential." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 67 (2006) (finding that a burden is no greater than essential when "neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.").

- 5 -