Mary R. O'Grady, 011434
Jeffrey B. Molinar, 018512
William D. Furnish, 028725
Emma Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
mogrady@omlaw.com
jmolinar@omlaw.com
wfurnish@omlaw.com
econe-roddy@omlaw.com

MARK BRNOVICH
ARIZONA ATTORNEY GENERAL

Brunn ("Beau") W. Roysden III (Bar No. 28698)
Anthony Napolitano (Bar No. 34586)
  Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona  85004
Tel.:  (602) 542-8958
ACL@azag.gov
Beau.Roysden@azag.gov
Anthony.Napolitano@azag.gov

*Attorneys for Defendant Mark Brnovich in his official capacity as Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CDK Global, LLC, a limited liability company, and The Reynolds and Reynolds Company, a corporation<br><br>Plaintiffs,<br><br>v.<br><br>Mark Brnovich, Attorney General of the State of Arizona,<br><br>Defendant, | No. 2:19-cv-04849-GMS<br><br>**Attorney General Brnovich's Answer to First Amended Complaint**<br><br>(Assigned to the Honorable G. Murray Snow) |

Arizona Automobile Dealers
Association,

         Intervenor-Defendant.

Defendant Mark Brnovich, in his official capacity as Attorney General of the State of Arizona ("The Attorney General"), by and through undersigned counsel, submits this Answer to the First Amended Complaint ("Amended Complaint") filed by CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") (together, "Plaintiffs") and states to the Court as follows:

1.      The Attorney General admits that this lawsuit challenges Arizona House Bill 2418 (the "DMS Law"), codified at §§ 28-4651 to 28-4655 of the Arizona Revised Statutes ("A.R.S."), and that Plaintiffs provide computer systems to automotive dealers known as "dealer management systems" or "DMSs."  The remaining allegations in Paragraph 1 of the Amended Complaint are denied.

2.      The Attorney General denies the allegations in Paragraph 2 of the Amended Complaint.

3.      The Attorney General denies the allegations in Paragraph 3 of the Amended Complaint.

4.      The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint, and on that basis denies them.

5.      Paragraph 5 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 5.

6.      The Attorney General denies the allegations in Paragraph 6 of the Amended Complaint.

7.      The Attorney General denies the allegations in Paragraph 7 of the Amended Complaint.

2

## BACKGROUND

8.     The Attorney General admits that CDK and Reynolds are automotive technology companies that have developed dealer management systems, that car dealerships often license these systems from CDK and Reynolds.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the content of unspecified dealership contracts.  The Attorney General denies the remaining allegations in Paragraph 8.

9.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint.

10.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the security of Plaintiffs' DMS.  The remaining allegations of Paragraph 10 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 10.

11.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint that relate to Plaintiffs' security measures, and on that basis denies them.

12.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint that relate to Plaintiffs' security measures and competition with other DMS providers, and on that basis denies them.

13.     Paragraph 13 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 13.

14.     Paragraph 14 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 14.

15.     The Attorney General admits on information and belief that dealers may

use software applications provided by third parties and that, in some instances, dealers would like those third-party application providers to access the dealer's own data.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint that relate to the means by which Plaintiffs provide third parties access to their DMSs or the motives of third parties that attempt to gain unauthorized access to Plaintiffs' DMSs, and on that basis denies them.  The remaining allegations in Paragraph 15 state legal conclusions to which no response is required.

16.     The Attorney General denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 17.

18.     Paragraph 18 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 18.

19.     Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 19.

20.     Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 20.

21.     The Attorney General does not dispute that the language quoted in Paragraph 21 appears in the statute to which it is cited.  The Attorney General states that the provisions of A.R.S. §§ 28121 and 28-4651 to 28-4655 speak for themselves, and The Attorney General denies all inconsistent allegations and Plaintiffs' attempts to characterize the statutes.  The remaining allegations Paragraph 21 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an

answer is required, The Attorney General denies the remaining allegations in Paragraph 21.

22.    Paragraph 22 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 22.

## THE PARTIES

23.    Admitted on information and belief.

24.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint that relate to how many vendors use CDK's products or the Department of Homeland Security's alleged statements about those products, and on that basis denies them.

25.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint that relate to CDK's investments, and on that basis denies them.

26.    Admitted on information and belief.

27.    The Attorney General admits that Reynolds developed, maintains, owns, and operates a DMS.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint that relate to Reynolds's source code, and on that basis denies them.

28.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint that relate to Reynolds's ongoing development of its DMS, and on that basis denies them.

29.    The Attorney General admits that he is the Attorney General of Arizona and is being sued in his official capacity only.  The Attorney General states that the provisions of A.R.S. § 28-333 speak for themselves, and The Attorney General denies all inconsistent allegations.  The remaining allegations in Paragraph 29 state legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

30.   Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.

31.   Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.

32.   Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.

**FACTUAL ALLEGATIONS**

33.   The Attorney General admits on information and belief that CDK and Reynolds develop, own, operate, and license DMSs.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint that relate to the components of DMSs, and on that basis denies them.  The remaining allegations in Paragraph 33 state legal conclusions to which no response is required.

34.   The Attorney General admits that an Arizona dealership licensing a Reynolds DMS could have a DMS server that resides on-site at its dealership and connects with Reynolds data centers in other states.  The Attorney General admits that dealership groups may have multi-state, regional, or national operations and enter into a single set of contracts with a DMS provider.  The remaining allegations in Paragraph 34 of the Amended Complaint state legal conclusions to which no response is required.

35.   The Attorney General admits that CDK and Reynolds deploy access controls on their systems.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 that relate to contracts, the reasons why CDK, Reynolds, or other DMS providers deploy access controls, or which individuals are typically given access to a DMS, and on that basis denies them.  The remaining allegations in Paragraph 35 state legal conclusions to which no response is required.

36.   The Attorney General admits that CDK and Reynolds may license their

DMSs and allow various third parties to interoperate with a dealer's DMS.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint that relate to the Plaintiffs' system interfaces, or licensing agreements and on that basis denies them. The remaining allegations in Paragraph 36 state legal conclusions to which no response is required.

### A.    CDK's DMS

37.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Amended Complaint, and on that basis denies them.

38.    Paragraph 38 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to CDK's investments, and on that basis denies them.  The Attorney General denies the remaining allegations in Paragraph 38.

39.    The Attorney General admits that CDK's DMS has a terminal program that runs on dealer computers.  The remaining allegations of Paragraph 39 of the Amended Complaint state legal conclusions to which no response is required.

40.    The Attorney General admits that the CDK DMS includes a database of various types of dealer data.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Amended Complaint, and on that basis denies them.

41.    The Attorney General admits that the CDK DMS includes a database of various types of dealer data, including data that "belongs" to the dealers.  The remaining allegations of Paragraph 41 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to licensing agreements or any non-dealer-data stored on the CDK

DMS, and on that basis denies them.

**B.      Reynolds's DMS**

42.      The Attorney General admits that Reynolds offers a computerized DMS and continues to offer both POWER and ERA.  The Attorney General admits that in 2006 Reynolds merged operations with Dealer Computer Services, Inc.  The Attorney General denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43.      The Attorney General admits that Reynolds has a DMS and that it has hardware and software elements, including a database on which dealers store their data. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Amended Complaint, and on that basis denies them.

44.      The Attorney General admits that dealers use Reynolds's DMS to manage certain parts of their business.  The Attorney General denies the remaining allegations in Paragraph 44 of the Amended Complaint.

45.      The Attorney General admits that Reynolds's DMS includes a database of dealer data.  The remaining allegations in Paragraph 45 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to how Reynolds has designed or developed its DMS, and on that basis denies them.

46.      The Attorney General admits that Reynolds invests in its DMS platform. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Amended Complaint, and on that basis denies them.

47.      Paragraph 47 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General admits that Reynolds's DMS software program runs on dealer computers and otherwise denies this allegation.  To the extent the image provided in Paragraph 47 is an

allegation, The Attorney General lacks sufficient knowledge or information to form a belief as to the authenticity of the image or its existence on all relevant DMSs, and on that basis denies it.

48.     Paragraph 48 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and on that basis denies them.

49.     Paragraph 49 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to licensing agreements, and on that basis denies them.  The Attorney General denies the remaining allegations in Paragraph 49.

**C.     Security Features to Control Access to DMSs**

50.     The Attorney General admits that the CDK DMS is password-protected and admits that there is a login prompt in connection with the Reynolds DMS.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to contracts, and on that basis denies them.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis denies them.

**1.     CDK Security Controls**

51.     The Attorney General admits that the CDK DMS is password-protected. The Attorney General denies the remaining allegations in Paragraph 51 of the Amended Complaint.

52.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint.

53.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint that

relate to the "primary" application areas with respect to data maintained on the CDK DMS or car dealerships' provision of login credentials to third parties, and on that basis denies them. The remainder of Paragraph 53 of the Amended Complaint states legal conclusions to which no response is required. To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

54.     The Attorney General admits that the CDK DMS is password-protected. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Amended Complaint that relate to the alleged 2016 changes, and on that basis denies them. To the extent the image provided in Paragraph 54 is an allegation, The Attorney General lacks sufficient knowledge or information to form a belief as to the authenticity of the image or its existence on all relevant DMSs, and on that basis denies it.

55.     The Attorney General admits that CAPTCHA stands for "completely automated public Turing test to tell computers and humans apart." The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Amended Complaint, and on that basis denies them.

56.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint.

57.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Amended Complaint.

58.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and on that basis denies them.

### 2.     Reynolds Security Controls

59.     The Attorney General denies that each of Reynolds's purported "protections" are related to providing value to customers or protecting the integrity or security of Reynolds's system or are related to proper licensing. The Attorney General

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Amended Complaint, and on that basis denies them.

60.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint, and on that basis denies them.

61.     The Attorney General admits on information and belief that Reynolds offers software programs called ERA-Ignite and ERAccess.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint related to the means of access to the DMS or who accesses the DMS, and on that basis denies them.  The remainder of Paragraph 61 states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 61.

62.     The Attorney General admits that there is a login prompt in connection with the Reynolds DMS.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Amended Complaint, and on that basis denies them.

63.     The Attorney General admits that Reynolds has inserted CAPTCHA prompts.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Amended Complaint, and on that basis denies them.

64.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint, and on that basis denies them.

65.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint, and on that basis denies them.

66.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

### 3.     These Security Controls Are an Important Part of the DMSs[1]

67.     Paragraph 67 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 67.

### D.     Federal Law Protecting DMS Providers' Property

68.     The Attorney General does not dispute that the language quoted in Paragraph 68 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 68 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 68.

69.     The Attorney General does not dispute that the language quoted in Paragraph 69 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 69 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 69.

70.     Paragraph 70 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 70.

71.     Paragraph 71 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The

---

[1] In responding to the allegations in the Amended Complaint, The Attorney General denies all averments in the headings of the Amended Complaint to the extent those headings contain allegations.

12

Attorney General denies the allegations in Paragraph 72.

73.     The Attorney General does not dispute that the language quoted in Paragraph 73 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 73 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 73.

74.     Paragraph 74 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 74.

75.     Paragraph 75 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 75.

E.     **Federal Law Governing How Dealers and DMS Providers Must Secure Consumer Data**

76.     The Attorney General does not dispute that the language quoted in Paragraph 76 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 76 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 76.

77.     The Attorney General does not dispute that the language quoted in Paragraph 77 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 77 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 77.

78.     The Attorney General does not dispute that the language quoted in Paragraph 78 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 78 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The

Attorney General denies the remaining allegations in Paragraph 78.

79.     The Attorney General does not dispute that the language quoted in Paragraph 79 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 79 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 79.

80.     The Attorney General does not dispute that the language quoted in Paragraph 80 appears in the regulation to which it is cited, and such regulation speaks for itself.  The remaining allegations in Paragraph 80 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 80.

81.     Paragraph 81 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 81.

82.     The Attorney General does not dispute that the language quoted in Paragraph 82 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 82 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 82.

**F.     The Contracts Between Plaintiffs and Dealers**

83.     The Attorney General admits that Plaintiffs enter into contracts licensing their DMSs to automotive dealerships.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations that relate to the content of Plaintiffs' contracts, and on that basis denies them.  The Attorney General denies the remaining allegations in Paragraph 83 of the Amended Complaint.

**1.     CDK's Master Service Agreements**

84.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of the Amended Complaint that

relate to the number of car dealerships in Arizona with which CDK has entered into Master Service Agreements or the content of those agreements, and on that basis denies them.  .

85.     The Master Service Agreements referenced in Paragraph 85 of the Amended Complaint speak for themselves, and The Attorney General denies all inconsistent allegations.

86.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and on that basis denies them.

87.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies them.

88.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies them.

### 2.     Reynolds's Dealer Agreements

89.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies them.

90.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies them.

91.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and on that basis denies them.

92.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and on that basis denies them.

93.     The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93, and on that basis denies them.

### 3.     These Contractual Provisions Are an Important Part of the Bargain Between DMS Providers and Dealers

94.     Paragraph 94 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 94.

### G.      Available Methods of Secure, Authorized Integration

95.      The Attorney General denies the allegations in Paragraph 95 of the Amended Complaint.

#### 1.      CDK's Partner Program

96.      The Attorney General admits on information and belief that CDK provides a third-party access program.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Amended Complaint, and on that basis denies them.

97.      The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 of the Amended Complaint, and on that basis denies them.

98.      The Attorney General admits on information and belief that CDK may charge participants in the Partner Program fees for the integration services it provides.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Amended Complaint, and on that basis denies them.

99.      The Attorney General admits on information and belief that CDK's DMS may include data reporting tools that dealers may use.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Amended Complaint, and on that basis denies them.

100.    The Attorney General admits on information and belief that some dealers may have used the reporting tools described in Paragraph 100 to share data with vendors.  The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Amended Complaint, and on that basis denies them.

101.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 of the Amended Complaint, and on that basis denies them.

### 2. Reynolds's Certified Interface Program

102. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 of the Amended Complaint, and on that basis denies them.

103. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 of the Amended Complaint, and on that basis denies them.

104. The Attorney General admits on information and belief that Reynolds provides a data integration service called the Reynolds Certified Interface Program ("RCI Program"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Amended Complaint, and on that basis denies them.

105. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 of the Amended Complaint, and on that basis denies them.

106. The Attorney General admits on information and belief that Reynolds has created a Dynamic Reporting tool. The Attorney General denies the remaining allegations in Paragraph 106 of the Amended Complaint.

### 3. Plaintiffs' Methods Ensure Data is Protected

107. Paragraph 107 of the Amended Complaint states legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the allegations in Paragraph 107.

### H. Hostile Access to DMSs

108. Paragraph 108 of the Amended Complaint states legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the allegations in Paragraph 108.

109. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of any allegations in Paragraph 109 of the Amended Complaint,

that relate to third party access attempts and Plaintiffs' response to such events and on that basis denies them.  The remaining allegations in Paragraph 109 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 109.

110.    The Attorney General does not dispute that the language quoted in Paragraph 110 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 110 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 110.

111.    Paragraph 111 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 111.

112.    The Attorney General denies the allegations in Paragraph 112 of the Amended Complaint.

113.    The Attorney General denies the allegations in Paragraph 113 of the Amended Complaint.

114.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint that relate to Plaintiffs' DMSs' firmware, and on that basis denies them.  The Attorney General does not dispute that the language quoted in Paragraph 114 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 114 state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 114.

### 1.    Hostile Access Degrades DMS Performance

115.    The Attorney General admits that Plaintiffs can accommodate legitimate, authorized, and managed demands for system interoperability through interfaces that

18

facilitate the automated flow of data between a dealer and application providers, OEMs, and other third parties.  The Attorney General denies the remaining allegations in Paragraph 115 of the Amended Complaint.

116.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 of the Amended Complaint, and on that basis denies them.

117.    The Attorney General denies the allegations in Paragraph 117 of the Amended Complaint.

118.    The Attorney General denies the allegations in the first three sentences of Paragraph 118 of the Amended Complaint.  The remaining allegations in Paragraph 118 state legal conclusions to which no response is required.  To the extent a response is required, The Attorney General does not dispute that the language quoted in Paragraph 118 appears in the statute to which it is cited, and such statute speaks for itself, and denies the remaining allegations in Paragraph 118.

### 2.    Hostile Access Creates Security Threats

119.    The Attorney General denies the allegations in Paragraph 119 of the Amended Complaint.

120.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 of the Amended Complaint, and on that basis denies them.

121.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint, and on that basis denies them.

122.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 of the Amended Complaint, and on that basis denies them.

123.    The Attorney General denies the allegations in Paragraph 123 of the Amended Complaint.

124.   The Attorney General denies the allegations in Paragraph 124 of the Amended Complaint.  Further, the contractual agreement referenced in Paragraph 124 speaks for itself, and The Attorney General denies all inconsistent allegations.

**I.      The DMS Law**

125.   The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 of the Amended Complaint that relate to a purported statement by Representative Noel Campbell, and on that basis denies them.    The remaining allegations in Paragraph 125 state legal conclusions to which no response is required.  To the extent a response is required, The Attorney General denies the remaining allegations in Paragraph 125.

**1.      The DMS Law's Basic Features Harm Plaintiffs and Customers**

126.   Paragraph 126 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 126.

127.   The Attorney General does not dispute that the language quoted in Paragraph 127 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 127 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 127.

128.   The Attorney General does not dispute that the language quoted in Paragraph 128 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 128 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 128.

129.   The Attorney General does not dispute that the language quoted in Paragraph 129 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 129 of the Amended Complaint state

legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 129.

130. The Attorney General does not dispute that the language quoted in Paragraph 130 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 130 of the Amended Complaint state legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 130.

131. The Attorney General does not dispute that the language quoted in Paragraph 131 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 131 of the Amended Complaint state legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 131.

132. The Attorney General does not dispute that the language quoted in Paragraph 132 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 132 of the Amended Complaint state legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 132.

133. The Attorney General does not dispute that the language quoted in Paragraph 133 appears in the statute to which it is cited, and such statute speaks for itself. The remaining allegations in Paragraph 133 of the Amended Complaint state legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 133.

134. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 of the Amended Complaint regarding the alleged DealerBuilt data breach, and on that basis denies them. The remainder of Paragraph 134 states legal conclusions to which no response is required. To the extent an answer is required, The Attorney General denies the allegations in Paragraph 134.

135.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 of the Amended Complaint regarding the alleged DealerBuilt "Consent Order with the Federal Trade Commission," and on that basis denies them.  The remainder of Paragraph 135 states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 135.

136.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136 of the Amended Complaint regarding the alleged DealerBuilt consent decree and on that basis denies them.  The remainder of Paragraph 136 states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 136.

137.    Paragraph 137 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 137.

138.    The Attorney General does not dispute that the language quoted in Paragraph 138 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 138 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 138.

139.    The Attorney General does not dispute that the language quoted in Paragraph 139 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 139 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph.

140.    The Attorney General does not dispute that the language quoted in Paragraph 140 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 140 of the Amended Complaint state

legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 140.

141.    Paragraph 141 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 141.

142.    Paragraph 142 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 142.

143.    Paragraph 143 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 143.

### 2.    The DMS Law is Hopelessly Vague

144.    Paragraph 144 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 144.

145.    The Attorney General does not dispute that the language quoted in Paragraph 145 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 145 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 145.

146.    The Attorney General does not dispute that the language quoted in Paragraph 146 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 146 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 146.

147.    The Attorney General does not dispute that the language quoted in Paragraph 147 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 147 of the Amended Complaint state

23

legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 147.

148.   The Attorney General does not dispute that the language quoted in Paragraph 148 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 148 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 148.

149.   The Attorney General does not dispute that the language quoted in Paragraph 149 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 149 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 149.

150.   The Attorney General does not dispute that the language quoted in Paragraph 150 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 150 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 150.

151.   The Attorney General does not dispute that the language quoted in Paragraph 151 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 151 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 151.

152.   The Attorney General does not dispute that the language quoted in Paragraph 152 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 152 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 152.

153.   The Attorney General does not dispute that the language quoted in

Paragraph 153 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 153 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 153.

154.    Paragraph 154 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 154.

155.    Paragraph 155 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 155.

156.    Paragraph 156 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 156.

157.    Paragraph 157 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 157.

**J.    The Current Controversy**

158.    The Attorney General admits that on April 9, 2019, Governor Ducey signed House Bill 2418 into law.  The remaining allegations in Paragraph 158 of the Amended Complaint state legal conclusions to which no response is required.

159.    Paragraph 159 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 159.

160.    Paragraph 160 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 160.

**FIRST CLAIM FOR RELIEF**

**Declaratory Relief**

**(Conflict Preemption, Copyright Act)**

161.   The Attorney General incorporates, as if fully set forth herein, its answers to the preceding paragraphs of the Amended Complaint.

162.   Paragraph 162 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 162 of the Amended Complaint.

163.   Paragraph 163 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 163 of the Amended Complaint.

164.   Paragraph 164 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 164 of the Amended Complaint.

165.   Paragraph 165 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 165 of the Amended Complaint.

166.   Paragraph 166 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 166 of the Amended Complaint.

167.   Paragraph 167 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 167 of the Amended Complaint.

168.   Paragraph 168 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 168 of the Amended Complaint.

169.   Paragraph 169 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney

General denies the allegations in Paragraph 169 of the Amended Complaint.

170.   Paragraph 170 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 170 of the Amended Complaint.

171.   Paragraph 171 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 171 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment

### (Unconstitutional Taking, United States Constitution)

172.   The Attorney General incorporates, as if fully set forth herein, its answers to the preceding paragraphs of the Amended Complaint.

173.   Paragraph 173 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 173 of the Amended Complaint.

174.   Paragraph 174 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 174 of the Amended Complaint.

175.   Paragraph 175 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 175 of the Amended Complaint.

176.   Paragraph 176 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 176 of the Amended Complaint.

177.   The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177 of the Amended Complaint, and on that basis denies them.

178.   Paragraph 178 of the Amended Complaint states legal conclusions to

which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 178 of the Amended Complaint.

179.    Paragraph 179 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 179 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment

### (Violation of Federal Contracts Clause)

180.    The Attorney General incorporates, as if fully set forth herein, its answers to the preceding paragraphs of the Amended Complaint.

181.    Paragraph 181 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 181 of the Amended Complaint.

182.    The Attorney General does not dispute that the language quoted in Paragraph 182 appears in the United States Constitution, and the provisions of the United States Constitution speaks for themselves.  The remaining allegations in Paragraph 182 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 182 of the Amended Complaint

183.    Paragraph 183 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 183 of the Amended Complaint.

184.    Paragraph 184 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 184 of the Amended Complaint.

185.    Paragraph 185 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 185 of the Amended Complaint.

186.    Paragraph 186 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 186 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF

### Declaratory Judgment

### (Unconstitutional Abridgement of the Freedom of Speech, United States Constitution)

187.    The Attorney General incorporates, as if fully set forth herein, its answers to the preceding paragraphs of the Amended Complaint.

188.    Paragraph 188 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 188 of the Amended Complaint.

189.    Paragraph 189 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 189 of the Amended Complaint.

190.    Paragraph 190 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190, and on that basis denies them.

191.    The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191 of the Amended Complaint, and on that basis denies them.

192.    The Attorney General does not dispute that the language quoted in Paragraph 192 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 192 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 192 of the Amended Complaint.

193.    The Attorney General does not dispute that the language quoted in Paragraph 193 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 193 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 193 of the Amended Complaint.

194.    Paragraph 194 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 194 of the Amended Complaint.

195.    The Attorney General does not dispute that the purported statutory language quoted in Paragraph 195 appears in the statute to which it is cited, and such statute speaks for itself.  The Attorney General does not dispute that the language quoted in Paragraph 195 and cited to the Northern District of California opinion in *Aharonian v. Gonzales* appears in the opinion to which it is cited, and such opinion speaks for itself.  The remaining allegations in Paragraph 195 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 195 of the Amended Complaint.

196.    Paragraph 196 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 196 of the Amended Complaint.

197.    Paragraph 197 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 197 of the Amended Complaint.

198.    Paragraph 198 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 198 of the Amended Complaint.

199.    The Attorney General does not dispute that the language quoted in

Paragraph 199 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 199 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 199 of the Amended Complaint.

200.    The Attorney General does not dispute that the language quoted in Paragraph 200 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 200 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 200 of the Amended Complaint.

201.    The Attorney General does not dispute that the language quoted in Paragraph 201 appears in the statute to which it is cited, and such statute speaks for itself.  The remaining allegations in Paragraph 201 of the Amended Complaint state legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the remaining allegations in Paragraph 201 of the Amended Complaint.

202.    Paragraph 202 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 202 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF

### Preliminary and Permanent Injunction

203.    The Attorney General incorporates, as if fully set forth herein, its answers to the preceding paragraphs of the Amended Complaint.

204.    Paragraph 204 of the Amended Complaint states legal conclusions to which no response is required.  To the extent an answer is required, The Attorney General denies the allegations in Paragraph 204 of the Amended Complaint.

205.    Paragraph 205 of the Amended Complaint states legal conclusions to

which no response is required.  To the extent an answer is required, The Attorney

General denies the allegations in Paragraph 205 of the Amended Complaint.

206.    Paragraph 206 of the Amended Complaint states legal conclusions to

which no response is required.  To the extent an answer is required, The Attorney

General denies the allegations in Paragraph 206 of the Amended Complaint.

207.    Paragraph 207 of the Amended Complaint states legal conclusions to

which no response is required.  To the extent an answer is required, The Attorney

General denies the allegations in Paragraph 207 of the Amended Complaint.

208.    Paragraph 208 of the Amended Complaint states legal conclusions to

which no response is required.  To the extent an answer is required, The Attorney

General denies the allegations in Paragraph 208 of the Amended Complaint.

**Prayer for Relief**

To the extent that an answer may be required to the Prayer for Relief at the end

of the Amended Complaint, The Attorney General denies each and every allegation

contained therein and denies that Plaintiffs are entitled to the relief they seek.

**<u>AFFIRMATIVE AND ADDITIONAL DEFENSES</u>**

The Attorney General sets forth the following defenses without assuming the

burden of proof as to any issue as to which Plaintiffs bear that burden under applicable

law.

**First Defense**

The Amended Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

If and to the extent that Plaintiffs allege to have been damaged, the amount of

damages that they allege to have suffered is too remote or speculative to allow recovery,

and it is impossible to ascertain and allocate such alleged damages with reasonable

certainty.

**Third Defense**

To the extent lack of authorization for access is deemed an affirmative defense

rather than an element on which Plaintiffs bear the burden of proof, Plaintiffs are barred from claiming violations of any statute or source of law because dealers have the right to authorize access to their own data.

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of acquiescence.

### Fifth Defense

Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, and unclean hands.

### Sixth Defense

The doctrine of implied license bars Plaintiffs from pursuing their claims for relief.

### Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because they have not suffered any legally cognizable injury, including because they have not suffered an injury in-fact and their alleged injuries are too speculative, indirect and remote from the alleged conduct, and cannot be ascertained and apportioned.

### Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment.

### Ninth Defense

Plaintiffs are barred from recovering because their acts are in violation of public policy.

### Tenth Defense

Plaintiffs' claims are barred by the doctrine of fair use.

### Eleventh Defense

Plaintiffs' claims are barred by the doctrine of copyright misuse.

### Twelfth Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of sovereign

immunity.

### Thirteenth Defense

Plaintiffs' claims are barred in whole or in part by Arizona's notice of claim statute, A.R.S. § 12-821.01.

### JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), The Attorney General hereby demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, The Attorney General requests that Plaintiffs' claims be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of The Attorney General, and that the Court award The Attorney General its attorneys' fees, costs and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of November, 2019.

MARK BRNOVICH
ATTORNEY GENERAL

By  */s/ Brunn W. Roysden III*
    Brunn ("Beau") W. Roysden III
    Anthony Napolitano
    Assistant Attorneys General
    2005 North Central Avenue
    Phoenix, Arizona 85004

Mary R. O'Grady, 011434
Jeffrey B. Molinar, 018512
William D. Furnish, 028725
Emma Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
mograndy@omlaw.com
jmolinar@omlaw.com
wfurnish@omlaw.com
econe-roddy@omlaw.com

*Attorneys for Defendant Mark Brnovich in his official capacity as Attorney General*

34

1

2

**CERTIFICATE OF SERVICE**

3        I certify that on this 25th day of November, 2020, I electronically transmitted the

4 foregoing document to the Clerk's Office using the CM/ECF system, which will send a

5 notice of filing to all counsel of record.

6

7

8                              */s/ Brunn W. Roysden III*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28